<pre>
                                              The Honorable Christopher M. Alston
                                                                       Chapter 7
                                         Hearing Location: Courtroom 7206, Seattle
                                                  Hearing Date: December 18, 2015
                                                         Hearing Time: 9:30 a.m.
                                                   Response Date: December 11, 2015
</pre>

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| In Re: | Chapter 7 |
| | No. 12-19822 |
| SHANNON MELISSA KEELER | |
| | TRUSTEE'S MOTION |
| | TO SELL REAL PROPERTY |
| | FREE AND CLEAR OF LIENS |
| Debtor. | AND ENCUMBRANCES |

COMES NOW Ronald G. Brown, Chapter 7 Trustee for Shannon Melissa Keeler, and hereby moves the Court, subject to the approval of Wells Fargo Bank, or its successors or affiliates, to sell, pursuant to 11 U.S.C. 363(f), the estate's interest in certain residential real property, commonly known as 162 Cougar Ridge Road NW, Unit 1104, in Issaquah, Washington, free and clear of liens and encumbrances, to Marcus Dylan Remme and Anjali Remme for the sum of $340,000, or such higher sum as may be negotiated or adjusted to accomplish a sale.

1. This motion is based upon the Trustee's Declaration and the exhibits attached thereto which were filed with this motion. The proposed sale is evidenced by a purchase and sale agreement, Exhibit A to the Trustee's Declaration and by the notice of lender approval, Exhibit B to the Trustee's Declaration.

2. The property is legally described as follows:

> Unit 1104, Building 11 of Copperridge at Talus, a Condominium, according to Declaration thereof recorded under King County Recording No. 20050913001725 and any amendments thereto; said Unit is located on Survey Map and Plans filed in Volume 29 of Condominiums at Pages 11 through 17, in King County, Washington.

TRUSTEE'S MOTION
TO SELL REAL PROPERTY - 1

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206) 342-7851 FACSIMILE

3. The terms of sale are be subject to the buyers obtaining financing with all cash at closing. The buyers are good faith purchasers for value pursuant to 11 U.S.C. 363)(m). The sale by the bankruptcy estate is "as is" with no warranties, express or implied.

4. Liens, if any, against the property will attach to the proceeds of sale in the same amount and priority as they existed at the time of the bankruptcy filing. From the proceeds of sale, the Trustee is proposing to pay, subject to the Trustee's review of a title report and documentation of claims, a first lienholder claim by Wells Fargo Bank, or its successors or affiliates, in the sum of $287,640, or such higher sum as may be negotiated or adjusted to accomplish a sale, and a second lienholder claim by Wells Fargo Bank, or its successors or affiliates, in the sum of $6,000, or such higher sum as may be negotiated or adjusted to accomplish a sale. The lender's approval of the sale complies with 11 U.S.C.363(f)(2).

5. The bankruptcy estate is requesting court authorization to receive the sum of $20,000 as a buyer's premium/carve-out, paid by the buyers in addition to the purchase price, as part of the terms of sale, or such higher sum as may be negotiated or adjusted to accomplish a sale.

6. The property appears to be a property appropriate for a trustee short sale since the trustee was able to negotiate a short sale with the lender and obtain its approval. The Ninth Circuit in <u>In re KVN Corporation, Inc.</u>, 541 B.R. 1 (9th Cir. BAP 2014) stated that a presumption that a carve-out is improper is rebuttable if the court finds that there is a prospect for a meaningful distribution to unsecured creditors and that the terms of a sale agreement have been fully disclosed. In this case, the anticipated distribution to four general unsecured creditors would be approximately 8.406% on allowed claims and the terms of sale have been disclosed in the purchase and sale agreement. See Trustee's Declaration and exhibits thereto. The trustee respectfully requests that the court determine that the requirements of <u>KVN Corporation</u> have been satisfied.

7. At least one-half of the funds received by the bankruptcy estate from the sale proceeds are proposed to be distributed to pre-petition priority and general unsecured creditors. If those creditors are paid in full, any remaining funds may be available for administrative expenses.

TRUSTEE'S MOTION
TO SELL REAL PROPERTY - 2

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206) 342-7851 FACSIMILE

Case 12-19822-CMA    Doc 60    Filed 11/12/15    Ent. 11/12/15 12:29:27    Pg. 2 of 3

1     8. The encumbrances and estimated claim amounts against the property based upon creditor claims filed with the court, are as follows:

    (1) Wells Fargo Bank, or its successors or affiliates; $320,525

    (2) Wells Fargo Bank; $81,341

    9. As part of the sale, the Trustee is requesting court authorization to incur ordinary costs of sale, escrow fees, title insurance, real estate commission charges of six percent of the gross sale price, payment of excise tax and any delinquent real property taxes, and other closing charges.

    10. The bankruptcy estate is further requesting authorization to pay charges for changes in locks and unpaid utility charges, including utility liens for charges incurred over several months, homeowner association charges and a homeowner association resale certificate.

    11. The trustee also is requesting authorization to be reimbursed for a filing fee in the sum of $176 from the buyer's premium/carve-out paid to the bankruptcy estate as net sale proceeds.

    WHEREFORE, the trustee moves this court for the entry of an order authorizing the property sale and authorizing the trustee to incur and pay the above stated costs and disbursements related to the sale.

    DATED this 12th day of November, 2015.

    /s/ *Ronald G. Brown*
Ronald G. Brown, WSBA #8816
Chapter 7 Trustee

TRUSTEE'S MOTION
TO SELL REAL PROPERTY - 3

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206) 342-7851 FACSIMILE